1
2
3
4                          UNITED STATES DISTRICT COURT
5                                DISTRICT OF NEVADA
6                                        * * *
7   WELLS FARGO BANK, N.A.,                    Case No. 2:18-CV-723 JCM (VCF)
8                          Plaintiff(s),                      ORDER
9           v.
10  LEACH JOHNSON SONG & GRUCHOW,
    LTD., et al.,
11
12                         Defendant(s).
13

14          Presently before the court is defendant Leach Johnson Song & Gruchow, Ltd.'s ("LJSG")

15  motion to dismiss. (ECF No. 14). Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") filed a

16  response (ECF No. 18), to which LJSG replied (ECF No. 27).

17          Also before the court is LJSG's motion for sanctions. (ECF No. 15). Wells Fargo filed a

18  response (ECF No. 22), to which LJSG replied (ECF No. 26).

19          Lastly before the court is Wells Fargo's motion for leave to conduct discovery. (ECF No.

20  20). LJSG filed a response (ECF No. 25), to which Wells Fargo replied (ECF No. 28).

21  **I.      Facts**

22          The present action involves the nonjudicial foreclosure sale of a residence located at 1365

23  Via Savona, Henderson, Nevada 89052 ("the property") pursuant to NRS Chapter 116 that was

24  conducted on April 5, 2012. (ECF No. 1).

25          Non-party Firelane Series, LLC ("Firelane") purchased the property at the foreclosure

26  sale. (ECF No. 14-1). On October 12, 2012, Firelane quitclaimed the property to non-parties

27  Elena and Apolonio Gabriel (the "purchasers"). *Id.* Thereafter, the purchasers initiated a civil

28

**James C. Mahan**
**U.S. District Judge**

1  action for quiet title (declaratory relief) in the Eighth Judicial District Court in Nevada ("state

2  court") against several parties, including Wells Fargo.  *Id.*

3      In its answer to the state court complaint, Wells Fargo set forth fifteen affirmative

4  defenses to the purchasers' quiet title claim and asserted three counterclaims for (1) quiet

5  title/declaratory relief; (2) "preliminary injunction"; and (3) unjust enrichment.  (ECF No. 14-3).

6      On February 7, 2018, the state court issued its findings of fact and conclusions of law,

7  holding that the purchasers were entitled to quiet title in the property, and that Wells Fargo's

8  "lien and interest in the subject property is [sic] extinguished in its entirety."  (ECF No. 14-1 at

9  9).

10      Wells Fargo initiated this action against defendants LJSG and Seven Hills Master

11  Community Association ("the HOA") on April 20, 2018, asserting seven causes of action for: (1)

12  negligence; (2) negligence *per se*; (3) breach of contract; (4) misrepresentation; (5) breach of the

13  covenant of good faith and fair dealing; (6) wrongful/defective foreclosure; and (7) unjust

14  enrichment.  *Id.*

15  **II.    Legal Standard**

16      A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief

17  can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short

18  and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

19  8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not

20  require detailed factual allegations, it demands "more than labels and conclusions" or a

21  "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

22  (2009) (citation omitted).

23      "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550

24  U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

25  matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation

26  omitted).

27      In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply

28  when considering motions to dismiss.  First, the court must accept as true all well-pled factual

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  allegations in the complaint; however, legal conclusions are not entitled to the assumption of

2  truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by

3  conclusory statements, do not suffice. *Id.*

4       Second, the court must consider whether the factual allegations in the complaint allege a

5  plausible claim for relief. *Id.* at 679. A claim is facially plausible when plaintiff's complaint

6  alleges facts that allow the court to draw a reasonable inference that defendant is liable for the

7  alleged misconduct. *Id.* at 678.

8       Where the complaint does not permit the court to infer more than the mere possibility of

9  misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to

10  relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from

11  conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

12       The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d

13  1202, 1216 (9th Cir. 2011). The *Starr* court held,

14
15       First, to be entitled to the presumption of truth, allegations in a complaint or
          counterclaim may not simply recite the elements of a cause of action, but must
16        contain sufficient allegations of underlying facts to give fair notice and to enable
          the opposing party to defend itself effectively. Second, the factual allegations that
17        are taken as true must plausibly suggest an entitlement to relief, such that it is not
          unfair to require the opposing party to be subjected to the expense of discovery
18        and continued litigation.

19  *Id.*

20  **III.   Discussion**

21       The court now considers LJSG's motions to dismiss and for sanctions, as well as Wells

22  Fargo's motion for leave to conduct discovery.

23       ***a.   Wells Fargo's motion for leave to conduct discovery***

24       The court will deny as moot Wells Fargo's motion for leave to conduct discovery, as

25  discovery has already commenced in this action. *See* (ECF Nos. 30, 35).

26       ***b.   LJSG's motion to dismiss***

27       As a preliminary matter, negligence *per se* is not a cognizable legal claim under Nevada

28  law. "Although sometimes pled as such, negligence *per se* is not a separate cause of action, but a

doctrine in which the duty and breach elements of a negligence claim are assumed as a matter of law." *Insco v. Aetna Health & Life Ins. Co.*, 673 F.Supp.2d 1180, 1191 (D. Nev. 2009). Accordingly, the court will dismiss Wells Fargo's second claim for "negligence *per se*."

Next, LJSG argues in its motion to dismiss that (1) Wells Fargo's claims are barred by the doctrine of claim preclusion; and (2) Wells Fargo's claims are time-barred by their respective statutes of limitations. (ECF No. 14). Because the court finds that it can rule on LJSG's motion based upon its statute of limitations argument, the court need not address whether Wells Fargo's claims are barred by the doctrine of claim preclusion.

LJSG correctly notes that Wells Fargo's claims accrued when the foreclosure sale took place. *Id.* at 3. *See Bank of New York Mellon v. Traccia Cmty. Ass'n*, No. 2:17-cv-1802-JCM-CWH, 2018 WL 1459127, at *4 (D. Nev. Mar. 23, 2018). Accordingly, taking the facts alleged in Wells Fargo's complaint as true, its claims accrued on April 5, 2012, when it alleges the foreclosure sale took place. (ECF No. 1). Wells Fargo initiated the instant suit over six years later, on April 20, 2018. *Id.*

### i. Negligence

NRS 11.190(4)(e) provides that the statute of limitations for negligence claims is two years. Nev. Rev. Stat. § 11.190(4)(e). Therefore, Wells Fargo's first claim for negligence is time-barred and will be dismissed.

### ii. Breach of contract

NRS 11.190(1)(b) provides that the statute of limitations for breach of contract claims is six years. Nev. Rev. Stat. § 11.190(1)(b). Wells Fargo initiated this action over six years following accrual of its claims; accordingly, Wells Fargo's claim for breach of contract is time-barred and will be dismissed.

### iii. Misrepresentation

Wells Fargo does not specify whether it intended its fourth claim for "misrepresentation" to be pleaded as fraudulent misrepresentation or negligent misrepresentation. (ECF No. 1). However, in Nevada, "[t]he nature of the claim, not its label, determines what statute of limitations applies." *Perry v. Terrible Herbst, Inc.*, 383 P.3d 257, 260 (Nev. 2016).

1         Wells Fargo alleges in its complaint that "[d]efendants failed to exercise reasonable care

2  or competence in communicating the information within the provisions of the CC&Rs . . .

3  including without limitation, the Mortgagee Protection Clause. . ." (ECF No. 1 at 13). This

4  "reasonable care" language satisfies one of the required elements for a claim of negligent

5  misrepresentation under Nevada law. *Barmettler v. Reno Air, Inc.*, 114 Nev. 441 (1998).

6         Therefore, the court will construe Wells Fargo's fourth claim as one for negligent

7  misrepresentation and apply the three-year statute of limitations for such actions pursuant to

8  NRS 11.190(3)(d). Accordingly, Wells Fargo's fourth claim is time-barred and will be

9  dismissed.

10         *iv.  Breach of the covenant of good faith and fair dealing*

11         Wells Fargo's fifth claim for breach of the covenant of good faith and fair dealing is

12  governed by the four-year limitations period set forth in NRS § 11.190(2)(c). *See* Nev. Rev.

13  Stat. § 11.190(2)(c) (four-year period for "[a]n action upon a contract, obligation or liability not

14  founded upon an instrument in writing). *See also Schumacher v. State Farm Fire & Cas. Co*.,

15  467 F. Supp. 2d 1090, 1094-95 (D. Nev. 2006). Therefore, Wells Fargo's fifth claim is time-

16  barred and will be dismissed.

17         *v.  Wrongful/defective foreclosure*

18         In its motion to dismiss, LJSG contends that Wells Fargo's wrongful foreclosure claim is

19  governed by NRS 11.190(3)(a)'s three-year statute of limitations on actions based "upon a

20  liability created by statute, other than a penalty or forfeiture." (ECF No. 16 at 4). A claim for

21  wrongful foreclosure "challenges the authority behind the foreclosure, not the foreclosure act

22  itself." *McKnight Family, LLP v. Adept Mgmt. Servs*., 129 Nev. 610, 616 (2013). NRS Chapter

23  116, which authorizes HOAs to enforce liens by non-judicial foreclosure, is the authority behind

24  the sale at issue here.

25         Wells Fargo's wrongful-foreclosure claim is thus an "action upon a liability created by

26  statute," and is therefore governed by the three-year statute of limitations set forth in NRS

27  11.190(3)(a). Therefore, Wells Fargo's sixth claim is time-barred and will be dismissed.

28  . . .

**James C. Mahan**
**U.S. District Judge**

*vi. Unjust enrichment*

In Nevada, the statute of limitations for an unjust enrichment claim is four years. Nev.

Rev. Stat. § 11.190(2)(c); *Kahn v. Dodds (In re AMERCO Derivative Litig.)*, 252 P.3d 681, 703

(Nev. 2011). Accordingly, because Wells Fargo initiated this action more than four years after

its claims accrued, the court will dismiss Wells Fargo's seventh and final claim.

*c. Summary*

Based upon the foregoing, the court finds that Well Fargo's complaint must be dismissed

in its entirety as time-barred by the applicable statutes of limitations. Accordingly, the court

dismisses Wells Fargo's complaint with prejudice.

*d. LJSG's motion for sanctions*

In its motion for sanctions, LJSG requests sanctions in the form of attorneys' fees. (ECF

No. 15). However, Local Rule 54-14(b) provides

> [A] motion for attorney's fees must include the following in addition to those matters required by Fed. R. Civ. P. 54(d)(2)(B):
>   (1) A reasonable itemization and description of the work performed;

>   (2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable under LR 54-1 through 54-13;

>   (3) A brief summary of:
>   (A) The results obtained and the amount involved;

>   (B) The time and labor required;
>   (C) The novelty and difficulty of the questions involved;

>   (D) The skill requisite to perform the legal service properly;
>   (E) The preclusion of other employment by the attorney due to

> acceptance of the case;
>   (F) The customary fee;

>   (G) Whether the fee is fixed or contingent;
>   (H) The time limitations imposed by the client or the circumstances;

>   (I) The experience, reputation, and ability of the attorney(s);
>   (J) The undesirability of the case, if any;

>   (K) The nature and length of the professional relationship with the client;

>   (L) Awards in similar cases; and
>   (M) Any other information the court may request.

LR 54-14(b).

Because LJSG has not provided any discussion of the foregoing Rule 54-14(b) factors in

its motion for sanctions, the court will deny LJSG's motion, without prejudice. (ECF No. 15).

. . .

**James C. Mahan**
**U.S. District Judge**

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that LJSG's motion to dismiss (ECF No. 14) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Wells Fargo's complaint (ECF No. 1) be, and the same hereby is, DISMISSED with prejudice.

IT IS FURTHER ORDERED that Wells Fargo's motion for leave to conduct discovery (ECF No. 20) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that LJSG's motion for sanctions (ECF No. 15) be, and the same hereby is, DENIED without prejudice.

The clerk of court is instructed to enter judgment accordingly and close the case

DATED February 22, 2019.

_James C. Mahan_

UNITED STATES DISTRICT JUDGE